IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTOINE DAVIS                                                                                         PLAINTIFF

   v.        Civil No. 06-5148

DR. HOWARD; NURSE
SHIRLEY MOSS; MS.
SUSAN CURE; MS.
BECKY; MS. CARLA;
NURSE RHONDA; and
NURSE SUSAN                                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Antoine Davis, a former inmate of the Washington County Detention Center (WCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

Because the court believed additional information was needed about the plaintiff's claims, the plaintiff was directed to file an addendum to his complaint. The addendum was filed on February 1, 2006 (Doc. 10).

### Background

While he was detained at the WCDC, Davis alleges his rights were violated on June 13, 2006, June 23, 2006, and July 10, 2006, when money was deducted from his inmate account to pay for medical expenses. He also alleges that he was denied proper medical attention.

Davis was seen by medical personnel on or about June 6, 2006, so that he could obtain his blood pressure medication. *Addendum* at ¶ 1 & ¶ 2. Davis was seen again by the doctor and nurse prior to July 10, 2006, because he was having chest pains and pain on his left side

-1-

including his shoulder. *Id.* at ¶ 3. Davis maintains he should have only been charged for one doctor's visit, one nurse's visit, and one over-the-counter medication. *Id.* Instead, he states he was charged for three nurse's visits, one over-the-counter medication, and one doctor's visit. *Id.*

On June 13, 2006, $30.00 was deducted from his inmate account. *Complaint* at page 4. On June 23, 2006, $12.24 was deducted from his account. *Id.* On July 10, 2006, $9.00 was taken from his account. *Id.* Davis maintains the deductions were for medical debts he did not owe. *Id.*

Davis was told by Nurse Shirley that the charges were likely made by the commissary. He spoke with Ms. Cure and a man for Aramark and put in several grievances but never heard anything back. *Addendum* at ¶ 4. Davis then spoke with several detention center officials about the deductions but was told they had no control over anything Aramark's people did. *Id.*

Davis contends Ms. Cure, Ms. Beck and Ms. Carla are the ones who wrongfully took his money. *Addendum* at ¶ 12. He asserts that Nurse Susan, Nurse Rhonda, or Nurse Shirley overcharged him. *Id.* Finally, Davis contends Dr. Howard and Nurse Shirley would not provide him with adequate medical treatment. *Id.*

## Discussion

Several of Davis' claims are subject to dismissal. First, Davis' claims with respect to the deductions from his inmate account are subject to dismissal. This is true whether those deductions were the result of medical charges or charges for commissary.

While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd

Cir. 1997)(deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999). *See also Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981)(no basis for due process claim where deductions from prisoner accounts were assessments for value received).

Davis has not alleged that he was unable to obtain necessary medical care because of the requirement that he bear the cost, or some portion of the cost, of the care. Davis does not contend the deductions resulted in his not being able to obtain necessary items such as hygiene items.

Even if the deductions from Davis' account could be said to be improper, no claim of constitutional dimension is stated. While an inmate does have a protected property interest in the funds in his prison account, not every deduction made violates the Due Process Clause of the United States Constitution. See *Mahers v. Halford,* 76 F.3d 951, 954 (8th Cir. 1996); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that inmates have a property interest in their money); *Sell v. Parratt*, 548 F.2d 753, 757 (8th Cir. 1977) (same); *Robinson v. Fauver* , 932 F. Supp. 639, 645 (D.N.J. 1996); *Johnson v. Dept. of Public Safety and Correctional Services*, 885 F. Supp. 817, 821 (D. Md. 1995)(due process is not violated when deductions are made from an inmate's account "quite simply because they have purchased something on their own initiative."); *Scott v. Angelone*, 771 F. Supp. 1064, 1067-68 (D. Nev. 1991) (inmate not denied due process of law when account charged for medical visits where inmate had prior notice of policy).

The United States Supreme Court has held that neither the negligent nor intentional random or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Arkansas law recognizes a cause of action for conversion when property is wrongfully taken from its owner. *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). The deductions from Davis' inmate account simply do not rise to a claim of constitutional dimension. For the same reasons, Davis' claims that Nurse Susan, Nurse Rhonda, or Nurse Shirley overcharged him are subject to dismissal.

## Conclusion

For the reasons stated, I recommend that Davis' claims stemming from the deductions from his inmate account and the alleged overcharging for medical care be dismissed. As a result, all claims against the following individuals would be dismissed: (1) Ms. Susan Cure; (2) Ms. Becky; (3) Ms. Carla; (4) Nurse Rhonda; and (5) Nurse Susan.

This leaves for later determination Davis' claim that he was denied adequate medical care by Dr. Howard and Nurse Shirley Moss. By separate order the undersigned has directed service on Dr. Howard and Nurse Moss.

**The plaintiff has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of March 2007.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   UNITED STATES MAGISTRATE JUDGE