IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTOINE DAVIS                                                                                              PLAINTIFF

v.                                           Case No.: 06-5148

DR. HOWARD;
NURSE SHIRLEY MOSS,
*in both individual and official capacities*                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 on August 11, 2006, proceeding *in forma pauperis* and pro se. On November 13, 2007 Defendant filed an Motion for Summary Judgment. (Doc. 18). In his original Complaint, Plaintiff claimed inappropriate deductions were made from his inmate account and he was denied medical care. On March 7, 2007 this Court filed a report and recommendation that the claims regarding deductions from Plaintiff's account be dismissed. (Doc. 11). The report and recommendation was adopted by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas, on April 10, 2007. (Doc. 13). Accordingly, the only issue remaining before the Court is Plaintiff's claim he was denied adequate medical care by Dr. Howard and Nurse Shirley Moss.[1] This case is now before the undersigned on referral from Judge Hendren regarding Defendants' Motion for Summary Judgment as to Plaintiff's claims of denial of medical care.

---

[1] The Court notes Defendants addressed the deduction claims in their Motion for Summary Judgment (Docs. 18, 19, 20). However, those claims were clearly dismissed by the Order adopting the Report and Recommendation made by this Court and are no longer at issue in this matter. (Doc. 13).

### I. Background

Plaintiff alleges that while he was an inmate at the Washington County Jail he began having "dizzy spells" and pain in the top of his head, on the left side of his head and over his eye, as well as in the back of his head. (Doc. 1) Plaintiff states he was put on the list to see the doctor, but asked also to see an outside doctor because "the only thing that their doctor was going to do is put me on [ibuprofen] and Tylenol . . .." *Id.* Plaintiff states that neither of these medications "work for me" and that he believed he needed x-rays. *Id.* Defendant Moss told Plaintiff he could not be sent to an outside doctor, and that if he did not see Dr. Howard, there was nothing more the jail could do. *Id.* Plaintiff saw Defendant Howard, who checked his blood pressure and heart rate and prescribed Tylenol. *Id.* Plaintiff was told he could also be put on Xanex if his family would pay for it, for his anxiety. *Id.* Plaintiff states the Tylenol did not work, and he still has pain in his head, shoulder and back. *Id.*

Moreover, Plaintiff agrees he was able to see the nurse and doctor, but the "doctor never examined me or had any x-rays or anything to try and see what was wrong with my shoulder." (Doc. 10, ¶ 5). Instead, he was simply given medication to alleviate the symptoms. It is Plaintiff's contention that he was harmed because an outside doctor would have examined him and taken x-rays. (Doc. 10, ¶7; Doc. 22, ¶ 2 ). Plaintiff now suffers from bursitis or tendinitis. (Doc. 22, ¶ 7).

### II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most

favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## A.  Official Capacity Claims

Plaintiff has sued Defendants in thier individual and official capacities. Plaintiff's official capacity claims are tantamount to suing Washington County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *See id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.

Plaintiff clearly states he is alleging official capacity claims. Plaintiff states the Defendants did not follow "proper protocal [sic]" which caused the problem with his shoulder to get worse. (Doc. 22, ¶ 1). Plaintiff offers no evidence or explanation of the "proper protocol" Defendants failed to follow or how such a failure was the result of a policy of Washington County. Accordingly,

Defendants' Motion for Summary Judgment is due to be **GRANTED** as to Plaintiff's claims against Defendants in their official capacities.

## B. Individual Capacity Claims

Plaintiff's complaint is essentially a disagreement with treatment, rather than a claim of denial of medical care. Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976). The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir.1997).

"The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995). Moreover, disagreement with the course or efficacy of treatment do not rise to the level of a constitutional claim, nor do allegations of negligence state a claim under section 1983. *Olson v. Clarke,* 1997 WL 223595, *1 (8th Cir. 1997). *See also Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993), *cert. denied,* 510 U.S. 1109 (1994) (an incorrect diagnosis does not violate a prisoner's eighth amendment rights); *see also Gamble,* 429 U.S. at 106 (medical malpractice does not violate a prisoner's eighth amendment rights).

In this case, Plaintiff has shown, at most, a disagreement with the treatment he was given. Plaintiff was given prompt care after his medical requests were filed. Plaintiff was seen by both

Defendants and given medications. However, Plaintiff felt as though the doctor should have given him more than pain medication and performed a more through examination. Plaintiff also wanted to be seen by an outside physician for a second opinion. As noted above, these allegations to not rise to the level of a constitutional claim.

Additionally, Plaintiff has not brought forth any medical evidence to show that any delay in receiving what he believes to be proper treatment has caused him harm. *See Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (inmate who complains about delay in medical treatment must present verifying medical evidence of detrimental effect of delay).

### III. Conclusion

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (Doc. 18) be Granted in its entirety and Plaintiff's Complaint (Doc. 1) be dismissed.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of March 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE